IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MICHAEL CALVIN,

                Plaintiff,

     v.                                           9:12-CV-1846 (GLS/DEP)

BRIAN FISCHER, et. al.,

                Defendants.

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

MICHAEL CALVIN
91-A-0715
Plaintiff, *Pro Se*
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 10963

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN     MICHAEL G. McCARTIN, ESQ.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION and ORDER

     Presently before this Court is an application by plaintiff for appointment of

counsel. Dkt. No. 56. Plaintiff's application indicates that he has been unsuccessful in his efforts to obtain *pro bono* counsel on his own. *Id.* Thus, this court may properly consider plaintiff's motion.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

For purposes of this application, the court will assume, without deciding,

that the case may be of substance.  A review of the file in this matter reveals that the issue in dispute -- whether defendants were deliberately indifferent to plaintiff's safety needs by failing to protect him during an alleged sexual assault on January 11, 2009, by two inmates while he was incarcerated at the Clinton Correctional Facility, in violation of his constitutional rights under the Eighth Amendment -- is not overly complex.  It appears to the court as though, to date, the plaintiff has been able to effectively litigate this action.  In addition, the court notes that on July 15, 2014, the undersigned signed a  "Mandatory Pretrial Discovery and Scheduling Order." Dkt. No. 39. The discovery and scheduling order requires defendants to automatically provide certain discovery to plaintiff as well as directing plaintiff to turn over specified documents to defendants.[1] The order specifies the mandatory discovery that is to be  provided, based upon the particular type of action. *Id.*; Attachment A.  This will help to frame the issues in the case, and help plaintiff investigate the "crucial facts" without the need for counsel.

    While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor

---

[1] The order also provides for plaintiff's deposition, provides a direction with respect to copying documents, the availability of consent jurisdiction, and provides scheduling dates for the completion of discovery and the filing of dispositive motions.

alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974.  This court is unaware of any special reason why appointment of counsel *at this time* would be more likely to lead to a just determination of this litigation and therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted.  Plaintiff may only file another motion for appointment of counsel in the event he can demonstrate that, in light of <u>specific</u> changed circumstances, consideration of the above factors warrants granting the application.

      WHEREFORE, it is hereby

      ORDERED, that plaintiff's motion for appointment of counsel, Dkt. No. 56, is DENIED without prejudice to renew as noted above; and it is further

      ORDERED, that the clerk serve a copy of this order on the parties in accordance with the local rules of this district.

Dated:   September 18, 2014
            Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge