UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
MICHAEL CALVIN,

                Plaintiff,                9:12-cv-1846
                                            (GLS/DEP)
        v.

BRIAN FISCHER et al.,

                Defendants.
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Michael Calvin
Pro Se
91-A-0715
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     MICHAEL G. MCCARTIN
New York Attorney General            Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Michael Calvin commenced this action against several

defendants alleging a civil rights violation pursuant to 42 U.S.C. § 1983. (*See generally* Am. Compl., Dkt. No. 13.) Defendants moved for summary judgment dismissing the amended complaint. (Dkt. No. 81.) In a Report and Recommendation (R&R) dated December 2, 2015, Magistrate Judge David E. Peebles recommended that defendants' motion be granted, and that Calvin's amended complaint be dismissed. (Dkt. No. 86.) Pending are Calvin's objections to the R&R. (Dkt. No. 87.)[1] For the reasons that follow, the R&R is adopted in its entirety, and the amended complaint is dismissed.

## II. Background

At the time relevant to this action, Calvin was an inmate in the custody of the Department of Corrections and Community Supervision (DOCCS) at Clinton Correctional Facility (hereinafter "Clinton"). (Am. Compl. ¶ 5.) Calvin alleges that he was subjected to a sexual assault by other inmates at Clinton on January 12, 2009. (*Id.*; Dkt. No. 81, Attach. 3

---

[1] In addition to Calvin's pending objections, he has filed copies of letters he sent to defendants' counsel regarding this action. (Dkt. Nos. 88, 89.) While it is unclear why Calvin sent copies of the letters to the court for filing, to the extent that they can be viewed as seeking to augment the record on summary judgment, they are rejected. *See Hicks v. Buitron*, No. 6:12-cv-1841, 2014 WL 2177095, at *1 n.1 (N.D.N.Y. May 22, 2014). To the extent the letters may be construed as seeking additional relief, they are denied as moot in light of the court's adoption of the R&R and resulting dismissal of the amended complaint.

at 74-75.) Calvin alleges that defendants — Commissioner of DOCCS Brian Fischer, Commissioner of Mental Health for the Department of Correction, Mental Health Coordinator Clinton Annex, Superintendent Clinton (Annex) Correctional Facility, and Deputy Superintended Security Clinton (Annex) Correctional Facility[2] — violated his Eighth Amendment right to be free from cruel and unusual punishment as a result of their failure to protect him from the sexual assault. (Am. Compl. ¶ 28.)

This action was filed on December 17, 2012. (*See generally* Compl., Dkt. No. 1.) Following an initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b), the court provided Calvin with an opportunity to amend his complaint, (Dkt. No. 8), which he did, (Am. Compl.). After identifying, but not resolving, a potential issue regarding the timeliness of Calvin's claim, the court accepted the amended complaint for filing. (Dkt. No. 18 at 3-5.) At the conclusion of discovery, defendants moved for summary judgement. (Dkt. No. 81.) Judge Peebles recommended dismissal after finding that Calvin's complaint was not timely filed and that equitable tolling as a result of mental impairment did not apply. (Dkt. No. 86 at 7-15.) In an

---

[2] Doe defendants, who went unidentified following the close of discovery were dismissed. (Dkt. No. 75.)

abundance of caution, Judge Peebles also considered the merits and concluded that Calvin failed to adduce any evidence from which a rational factfinder could conclude that defendants failed to act when they knew that an assault was going to occur. (*Id.* at 15-20.)

### III. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. See *Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[3] *See id.*

### IV. Discussion

Calvin's objections are general and warrant review only for clear error. The filing fails to point to any specific error in the R&R and, instead,

---

[3] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

attempts to persuade the court that he was, in fact, raped.  (Dkt. No. 87.) After carefully reviewing the R&R, considering Calvin's objections, and applying the clear error standard of review, the R&R is adopted in its entirety.  Judge Peebles' conclusions and recommendations are legally sound and free from clear error.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles' Report and Recommendation (Dkt. No. 86) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 81) is **GRANTED**; and it is further

**ORDERED** that Calvin's amended complaint (Dkt. No. 13) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 3, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge